FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ZACH WAGGONER,

                Plaintiff,

-vs-

WALLA WALLA COUNTY SHERIFF'S DEPT, FEDERAL BUREAU OF INVESTIGATION, and ALICIA SIMS,

                Defendants.

No. 4:24-CV-05151-JAG

ORDER DISMISSING ALL CLAIMS WITH PREJUDICE

**BEFORE THE COURT** are Defendant Walla Walla County Sheriff's Office's Motion to Dismiss for Failure to State a Claim; ECF No. 6. The Court has reviewed the briefing and is fully informed. For the reasons detailed below, all claims are dismissed with prejudice.

## I.    BACKGROUND

Plaintiff filed a complaint on November 15, 2024, alleging several violations of criminal law under the Federal criminal code. ECF No. 1. Plaintiff lists 18 U.S.C. §§ 371, 208, 241, 311, 98, 371, 1512, 1346, and 2339C. ECF No. 1. Plaintiff successfully served Walla Walla Sheriff's Office, but not the Federal Bureau of Investigation or individual defendant Alicia Sims. ECF No. 8.

ORDER - 1

Defendant Walla Walla County Sheriff's Office moved for dismissal of all claims. ECF No. 6.

## II. ANALYSIS

Defendant Walla Walla County Sheriff's Office seeks dismissal the Complaint for failure to state a claim. ECF Nos. 6. Defendant asks the Court to dismiss Plaintiff's claims as no claim alleged is supported by facts that if proven, could support a finding in Plaintiff's favor. Plaintiff responded to the motion, ECF No. 9, and filed a sur-reply, ECF No. 11, neither of which addressed the legal basis for Defendant's motion to dismiss.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to raise the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The complaint provides a defendant notice of the claim(s) being made and the facts a plaintiff asserts supports those claims. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts need not accept as true legal conclusions "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss. *Id.* at 679. "The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).

Defendant argues two grounds for dismissal: (1) "Walla Walla Sheriff's Dep't" is not a proper party; and (2) Federal criminal codes have no private cause

ORDER - 2

of action. Because the second issue is dispositive as to all Defendants, served and not served, the Court decides the case without consideration of the first rationale offered in support of dismissal. The Complaint fails to state a claim upon which relief may be granted because there is no private cause of action under the federal statutes Plaintiff cites.

Each of the claims asserted are found in Title 18, which is the federal criminal code. None of the Title 18 statutes create subject matter jurisdiction because they do not give a private cause of action. A private cause of action provides the legal basis for pursuing a civil lawsuit; it must be premised on either a statute or common law principle and supported by facts for each element of the cause of action. *See* Thompson Reuters, How to specify cause of action and elements using on-point cases, (May 22, 2025), https://legal.thomsonreuters.com/blog/cause-of-action-overview-and-how-to-specify-elements/. "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15 (1979). Congress' intent is determined by examining "the language or structure of a statute or the circumstances of its enactment." *Id.* The structure of these statutes indicates that Congress intended them to be only criminal. They are placed within the United States Code alongside other statutes over which the United States would have criminal jurisdiction. They provide no civil remedies, only criminal remedies such as fine and imprisonment. The language and structure of these statutes do not show any intent by Congress to give a private cause of action under these statutes.

The circumstances of the enactment of Title 18 also do not indicate a private cause of action exists. When Title 18 was passed into law, it took various federal criminal statutes that were in effect on April 15, 1947, and organized them into Title 18. 93 Cong. Rec. 5181, 5182 (1947). Congress understood the bill to be

ORDER - 3

targeted at the organization of criminal statutes in order to effectively prosecute criminals. *Id.*

Due to the structure of Title 18 and this history of enactment, it is clear that Congress did not intend to create a private cause of action based on any of the provisions of Title 18 that Plaintiff rests his claims. Consequently, Plaintiff's complaint must be dismissed for failure to state a claim.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, **ECF No. 6,** is **GRANTED**.

2. All claims, as to all Defendants, are **DISMISSED with PREJUDICE**.

3. Any remaining motions are **DENIED AS MOOT.**

4. Judgment shall be entered in favor of the Defendants.

5. The case is **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to counsel and *pro se* Plaintiff, enter Judgment in favor of the Defendants, and **CLOSE** this case.

DATED July 2, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4